NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEGALIZE MARIJUANA PARTY, EDWARD FORCHION, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 14-6032 (JBS/AMD) |
| v. | |
| STATE OF NEW JERSEY, LT GOVERNOR GAUDAGNO, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

This matter is before the Court on Plaintiff Edward Forchion's motion for reconsideration of this Court's Order, entered October 7, 2014, dismissing Plaintiff's complaint against the State of New Jersey and Lt. Governor Gaudagno ("Defendants"). The Court considers Plaintiff's motion for reconsideration pursuant to Local Civil Rule 7.1(i). Because Plaintiff fails to meet the standard required for the Court to grant a motion for reconsideration, Plaintiff's motion will be denied. The Court finds as follows:

1. On September 26, 2014, Plaintiff filed a complaint with this Court alleging that Defendants committed "election fraud" by not including Plaintiff and his party, the Legalize Marijuana Party, on the ballot for the upcoming election for

representative of New Jersey's 3rd Congressional District. (Compl. [Docket Item 1].) On October 7, 2014, the Court dismissed Plaintiff's case for failure to comply with Federal Rule of Civil Procedure 8(a)(1) and for lack of subject matter jurisdiction. The Court also held in the alternative that Plaintiff's Complaint was barred by <u>Younger</u> abstention because at the time, Plaintiff had a pending appeal before the Superior Court Appellate Division. (<u>See</u> October 7, 2014 Mem. Op. ("Mem. Op.") [Docket Item 3] ¶¶ 7, 12.)

2. Also on October 7, the Appellate Division entered an Order dismissing Plaintiff's appeal because "appellant has failed to prosecute the appeal by not ordering the required transcripts." Plaintiff subsequently filed this motion for reconsideration, attaching the Appellate Division Order dismissing his case. (Pl.'s Mot. for Recons. [Docket Item 5], at 2.) His sole argument is that the Court should reconsider its decision in light of the fact that he no longer has a pending state court appeal. (<u>Id.</u> at 1.)

3. Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court for matters "which [it] believes the Judge ... has overlooked" when it ruled on the motion. See L. Civ. R. 7.1(i). Because reconsideration is considered an "extraordinary remedy" and the requirements are "so stringent," motions for reconsideration are typically granted "sparingly."

2

CPS Medmanagement v. Bergen Reg'l Medication Ctr., 940 F. Supp. 2d 141, 168 (D.N.J. 2013). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). The movant has the burden of demonstrating either (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available when the court issued its order; or (3) the need to correct a "clear error of law or prevent manifest injustice." Database Am., Inc. v. Bellsouth Adver. &  Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). To permit reconsideration when new evidence becomes available, the plaintiff must present new facts that "may alter the disposition of the matter." Clark v. Prudential Ins. Co. of Am., 940 F. Supp. 2d 186, 189 (D.N.J. 2013).

4. Plaintiff asserts that a change in circumstance, namely the dismissal of his case before the New Jersey appeals court, warrants the grant of his motion for reconsideration. However, because this new fact does not cure the other deficiencies noted in the Court's Memorandum Opinion, the Court will deny Plaintiff's motion.

5. The Court gave three reasons for dismissing Plaintiff's Complaint. First, the Court held that the Complaint failed to state the grounds for the Court's jurisdiction, as required by

Federal Rule of Civil Procedure 8(a)(1). (Mem. Op. ¶ 3.) Second, the Court held that it lacked subject matter jurisdiction to entertain a claim of election fraud by the state of New Jersey. (Id. ¶ 4.) The Court noted that state or local election law matters were generally within the exclusive competence of state courts, and that federal courts lack jurisdiction over such claims except in certain "narrow and well-defined" circumstances which were not raised in Plaintiff's Complaint. (Id. ¶¶ 5-6.) Specifically, the Court held that Plaintiff's allegations that Defendants improperly struck certain signatures from Plaintiff's petition for nomination to the ballot did not give rise to an equal protection or substantive due process claim over which this Court would have jurisdiction. (Id.) Finally, the Court stated that even if there was subject matter jurisdiction, Plaintiff's Complaint was likely barred by the Younger abstention doctrine because his state case was still pending before the New Jersey Superior Court. (Id. ¶ 7.)[1]

6. The Appellate Division's dismissal of Plaintiff's state appeal does not affect the outcome of this case. Assuming

---

[1] Plaintiff states that "[t]he legal logic of Judge Simandle's decision to 'dismiss' was there was an active New Jersey Appeals court case." (Pl.'s Mot. for Recons., at 1.) However, the Court's discussion of the pending state appeal as a basis for dismissal under Younger was an alternative rationale. (Mem. Op. ¶ 7.) The Court made clear in its Memorandum Opinion that Plaintiff's Complaint was dismissed "for failure to comply with Rule 8(a)(1), and for lack of subject matter jurisdiction." (Id. ¶ 12.)

without deciding that this changed circumstance alters the
Younger analysis, Plaintiff's Complaint still fails for the two
reasons cited in the Memorandum Opinion – failure to comply with
Rule 8(a)(1) and lack of subject matter jurisdiction. These are
independent reasons for dismissal, and the analysis is
unaffected by the dismissal of Plaintiff's state appeal. Whether
Plaintiff has a pending case in state court has no bearing on
the Court's holding that the Complaint did not follow the
pleading requirements set forth in the Federal Rules of Civil
Procedure. Nor does it affect the Court's holding that
Plaintiff's claim of election fraud, as pled in the Complaint,
belongs in state court. Plaintiff has not presented any newly
discovered evidence which would call these two holdings into
question. Because the dismissal of Plaintiff's state appeal will
not lead to a different result in this case, the motion for
reconsideration must be denied. See Interfaith Comm. Org. Inc.
v. PPG Indus., 702 F. Supp. 2d 295, 318 (D.N.J. 2010) (denying
motion for reconsideration because new evidence does not alter
earlier findings).

        7. In sum, and for all of the foregoing reasons,
Plaintiff's motion for reconsideration will be denied. The Court
will reopen this case for the purpose of considering Plaintiff's
motion for reconsideration. Upon filing of this Memorandum

Opinion, the Court will enter an Order closing the case. The accompanying Orders are entered.


 **October 23, 2014**                     **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                         Chief U.S. District Judge